IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03579-RM

MICHAEL ANGELO NELSON

 Plaintiff,

v.

AMIE A. NELSON,

 Defendant.

### ORDER

  This matter is before the Court on Plaintiff Michael Angelo Nelson's ("Mr. Nelson) "Forthwith Motion for Court to Execute Form DS-3053 Due to Delay by the U.S. Embassy in Panama and Request for Reconsideration of Disclosure of Children's Itinerary and Submission of Affidavit of Attorney Fees" (the "Motion") (ECF No. 42). Mr. Nelson's Motion contains no certificate of conferral. Under most circumstances, the Court would deny the Motion with leave to refile. The Court does not do so in this instance because it has held more than one hearing with the parties and is very familiar with the issues raised in the Motion and the parties' respective positions. More importantly, it is imperative that the parties' minor children (the "Nelson Children") obtain passports and be returned to Panama expeditiously. In addition, the Court finds no further briefing is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

  The Motion seeks five forms of relief. The Court addresses each below.

  ***Execution of DS-3053 by the Clerk.*** Generally, if one parent is unable to go with the minor children to apply for a passport, he may give his consent for the other parent to do so by

completing Form DS-3053. Mr. Nelson, however, is located in Panama and has advised that, due to COVID-19, he is unable to obtain the required notarization of Form DS-3053 at the U.S. Embassy until late May. Accordingly, he requests the clerk to execute the form on Mr. Nelson's behalf. Mr. Nelson, however, provides no legal authority showing this is a viable option. Accordingly, this relief will not be granted.

The Court, however, will grant other relief. Pursuant 22 C.F.R. § 51.28, the Court will issue an order "specifically authorizing the applying parent…to obtain a passport for the minor, regardless of custodial arrangements" and "specifically authorizing the travel of the minor with the applying parent" to Panama. A copy of such order attached.[1] The attached order, however, is an authorization for Mrs. Nelson to obtain passports for the return of the minor children to Panama and not to anywhere else. Mrs. Nelson is specifically prohibited to take them out of Colorado to go anywhere other than Panama.

***Video Contact with the Nelson Children.*** Mr. Nelson represents that he now only has video contact with his minor children once a week. The Court is uncertain whom to believe here.[2] Regardless, the Court orders that Mr. Nelson be allowed video contact with his children of at least two times a week. This is a minimum. The Court expects the parties to cooperate to do so. The failure to do so may result in sanctions.

***The Nelson Children's Travel Itinerary.*** Mr. Nelson requests notification of the Nelson Children's itinerary at least seven days before the children travel back to Panama. The Court has already ordered the parties to provide a joint status report within five business days of the arrival of the children in Panama. In light of the apparent strife and discord between the parties, the

---

[1] Two copies of the Order are attached. The first is unredacted and filed under a Level 1 restriction. The second is available for public access but redacted of the dates of births and the minor children's names.
[2] The Court could, of course, order phone and other records to be produced by the parties and third-parties to determine the veracity of the parties' respective representations. The Court expects the parties to abide by all of its Orders and, accordingly, that it will not need to do so.

Court finds this would be insufficient. Thus, the Court modifies its Order of March 16, 2021 (ECF No. 32) as ordered below.

*Deadline to Obtain Passports.* Mr. Nelson complains of delay, and seeks an order from the Court for Mrs. Nelson to obtain the Nelson Children's passports by a date certain. The delay to date, it appears, is from Mr. Nelson's end. Indeed, it appears that, until the recent hearing on April 6, 2021, Mr. Nelson and his counsel appeared to have been unaware that he was required to have his signature notarized at the U.S. Embassy in Panama. Regardless, the Court agrees a deadline is necessary in this case for Mrs. Nelson to apply for the passports, on an expedited basis.

*Motion for Fees.* Mr. Nelson requests he be allowed to submit his motion and affidavit in support of fees incurred prior to Mrs. Nelson's departure. The Court has already ordered that fees be awarded, leaving the amount to be determined after the return of the Nelson Children to Panama. The Court postponed the determination of the amount of fees because it anticipated additional fees would be incurred subsequent to the Order directing the Nelson Children's return to Panama. In light of Mr. Nelson's request, the Court will allow the fees to be addressed now. Accordingly, after meaningful conferral with Mrs. Nelson, Mr. Nelson may submit his fees request on or before Friday, April 30, 2021.

Based on the foregoing, the Court **ORDERS** as follows:

(1) That Plaintiff is allowed a minimum of two video visits per week with the Nelson Children;

(2) That Plaintiff's Motion (ECF No. 42) is granted in part and denied in part as stated herein;

(3) That Defendant shall provide notice to the Court, filed under a Level 2 restriction, of the Nelson Children's travel itinerary no later than **48 hours** prior to the flight's

departure to Panama;

(4) That Defendant's *attorney* shall provide notice to the Court, filed under a Level 2 restriction, confirming Defendant's departure with the Nelson Children on their flight to Panama within **four hours** of the flight's departure;

(5) That within **24 hours** of Defendant's arrival in Panama with the Nelson Children, Defendant shall provide notice to the Court of their arrival and their physical address in Panama. This filing shall be filed unrestricted;

(6) That Defendant shall apply for the Nelson Children's passports no later than **May 7, 2021**, which applications shall be made on an expedited basis;

(7) That Defendant shall provide the Court notice that the passport applications have been completed and submitted by **the next business day** after such completion; and

(8) That Plaintiff may file his motion for fees and costs on or before **April 30, 2021**.

**SO ORDERED.**

DATED this 23rd day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge