**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-03579-RM

MICHAEL ANGELO NELSON

    Plaintiff,

v.

AMIE A. NELSON,

    Defendant.

---

## ORDER

---

By Order dated March 16, 2021, the Court granted Mr. Nelson's Petition, filed under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 et seq., to return his minor children to Panama. The Court's Order also granted Mr. Nelson attorney's fees and costs under 22 U.S.C. § 9007(b)(3), which provides that only legal fees and costs related to the Petition may be awarded.

After much ado, Mr. Nelson's motion for attorney's fees and costs ultimately seeks $18,950.30.[1] Mrs. Nelson does not object to the hourly rates charged. Mrs. Nelson does, however, object to the *amount* of fees requested, and rightly so. However, it appears that Mr. Nelson's reduced fees and costs request accounts for the amounts Mrs. Nelson challenges.

---

[1] Mr. Nelson initially requested $22,598.80, then reduced that number further by $1,500. (ECF Nos. 45, 47.)

> The Supreme Court has admonished that:
>
> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked…and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Unfortunately, Mr. Nelson's counsel failed to, at least initially, take that admonishment to heart.

Counsel represented Mr. Nelson in more than this Petition, such as a state court domestic relations case. As Mrs. Nelson points out, Mr. Nelson's counsel's billings contain many charges for services that are either not properly attributable to the Petition or block billed such the Court is unable to determine which part of the time billed may be recoverable. As such, Mr. Nelson fails to establish the hours expended on such services may be awarded. After careful review of the charges, the Court finds that, at a minimum, the following fees and costs totaling $6,504.00 are not recoverable:

| Date | Amount Disallowed | Rationale |
| --- | --- | --- |
| 9/15/20 | 1,382.50 | Block billing which contains services for other cases |
| 10/1/20 | 39.50 | Block billing which contains services for another case plus duplicative entry |
| 10/1/20 | 39.50 | Block billing which contains services for another case plus duplicative entry |
| 10/5/20 | 79.00 | Block billing which contains services for another case |
| 10/22/20 | 1,500.00 | Flat fee without support for such charge and Mr. Nelson already conceded this charge was in error in another filing. (ECF No. 47, ¶ 2.) |

| 11/12/20 | 197.50 | Block billing which contains services for another case; unable to determine if any service were for this Petition |
| 11/20/20 | 395.00 | Block billing which includes services to "label exhibits," which are not properly charged at an attorney rate[2] |
| 12/14/20 | 60.00 | Block billing with charges for other matters |
| 1/7/21 | 79.00 | Block billing with charges for other matters |
| 1/8/21 | 197.50 | Block billing with charges for another case |
| 1/8/21 | 1,185.00 | Charges for another case |
| 1/26/21 | 79.00 | Charges for another case |
| 1/26/21 | 15.00 | Charges for another case |
| 1/27/21 | 474.00 | Block billing with charges for another case |
| 1/27/21 | 79.00 | Block billing with charges for another case |
| 1/27/21 | 15.00 | Charges for another case |
| 1/28/21 | 395.00 | Charges for another case |
| 1/29/21 | 60.00 | Charges for another case |
| 2/2/21 | 15.00 | Charges for another case |
| 2/19/21 | 39.50 | Charges for another case |
| 2/19/21 | 39.50 | Block billing with charges for another case |
| 2/27/21 | 39.50 | Charges for another case |
| 3/1/21 | 15.00 | Charges for another case |
| 3/19/21 | 60.00 | Charges for another case |

---

[2] Mrs. Nelson requests a reduction of one hour of services which the Court finds reasonable.

| 3/19/21 | 24.00 | Unable to determine that cost relates to this case |

As stated, Mr. Nelson requests fees and costs totaling $18,950.30, after a reduction of $3,648.50. (ECF No. 60, p. 1.) It is unclear to the Court how Mr. Nelson calculated the total amount of $22,598.80[3] or the amount of the reduction. According to the Court's calculations, the total amount of fees and costs billed and paid is $27,157.50. After a minimum reduction of $6,504.00, the maximum amount recoverable would be $20,657.50.[4] As Mr. Nelson's request is for $18,950.30, that amount will be awarded.[5]

That should end the matter but for Mrs. Nelson's request for fees in responding to Mr. Nelson's motion. While the Court agrees that Mr. Nelson's initial request for fees contains multiple redactions and charges for other cases which were unwarranted, he has now submitted unredacted billings and reductions in the fees requested. The question of whether to award fees to Mrs. Nelson may be a close one but the Court ultimately finds that Mr. Nelson's counsel's actions were not so remiss as to warrant the award of fees to Mrs. Nelson's counsel. Thus, Mrs. Nelson's request for fees is denied.

It is therefore

**ORDERED** that Petitioner Michael Angelo Nelson's "Motion and Submission of Affidavit of Attorney Fees for Verified Complaint for Return of Children to Petitioner Pursuant to 22. U.S.C. 9001 et seq., ("Prevention of Child Abduction Partnership Act")" (ECF No. 45) is

---

[3] $18,950.30 + $3,648.50 = $22,598.80.
[4] $27,157.50 - $6,500.00 = $20,657.50.
[5] To the extent Mrs. Nelson contends the number of hours charged associated with the preparation of the Petition was excessive, the Court finds otherwise after considering the background work required to prepare the Petition and the reductions the Court has made.

GRANTED as stated herein and Mr. Nelson is awarded $18,950.30 in attorney's fees and costs.

DATED this 12th day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge